1  DANIEL G. BOGDEN
   United States Attorney
2  District of Nevada

3  PATRICK A. ROSE
   Assistant United States Attorney
4  Nevada Bar No. 5109
   U.S. Attorney's Office
5  333 Las Vegas Boulevard South, Suite5000
   Las Vegas, Nevada 89101
6  Telephone: 702-388-6336
   Facsimile: 702-388-6787
7  Email: patrick.rose@usdoj.gov
   Attorneys for the United States
8

9              **UNITED STATES DISTRICT COURT**

10                 **DISTRICT OF NEVADA**

11

12  DANIEL SZABO,                          )
                                           )   Case No.: 2:12-cv-00676-GMN-RJJ
13            Plaintiff,                    )
                                           )
14       v.                                )
                                           )
15  UNITED STATES OF AMERICA, *et al.*     )   **STIPULATED PROTECTIVE ORDER**
                                           )
16            Defendants.                   )
                                           )
17                                         )
                                           )
18

19       Plaintiff, Daniel Szabo, ("Plaintiff" or "Szabo") and Defendant, the United States of America,

20  ("Defendant" or the "United States"), through their undersigned counsel, stipulate and request the

21  entry of a protective order as stated herein.

22       Without admission or waiver by any party, the general nature of this action is as follows.  This

23  action arises out of a motorcycle accident that occurred on or about January 14, 2010 on a highway in

24  the Lake Mead National Recreation Area.  Plaintiff alleges that Defendant was negligent in its

25  maintenance of the highway; Defendant denies such allegations.  The parties anticipate that discovery

26  may involve third-party, personnel, training, medical, and/or other records that are likely to contain

1   confidential information including, but not limited to, records and information protected by the

2   Privacy Act of 1974, 5 U.S.C. § 552a, and the Health Insurance Portability and Protection Act of 1996,

3   Pub. L. No. 104-191, 110 Stat. 1936 (1996).

4        Through this protective order, the parties seek to address the handling of such third-party,

5   personnel, training, medical, and other records that are likely to contain confidential information

6   including, but not limited to, records and information protected by the Privacy Act and the Health

7   Insurance Portability and Protection Act.  In order to permit the parties to discover and disclose to

8   each other such confidential information as is relevant to this case, and pursuant to Rule 26 of the

9   Federal Rules of Civil Procedure, the parties stipulate and consent to the following:

10       1.     The United States is authorized to release to other parties in this case records and

11   information otherwise protected by the Privacy Act without obtaining prior written consent of the

12   individual(s) to whom such records pertain, provided that such information is reasonably related to this

13   litigation.  Nothing in the protective order is intended to limit or preclude in any way the United

14   States' existing rights to access and review documents containing Privacy Act information.

15       2.     Whenever counsel for any party believes that formal or informal discovery in this case

16   may reveal or has revealed third-party, personnel, training, medical, and/or other records that are likely

17   to contain confidential information including, but not limited to, records and information protected by

18   the Privacy Act or the Health Insurance Portability and Protection Act, the following procedures shall

19   be followed:

20       a.     Counsel for the party producing records containing confidential information

21   shall designate the information as subject to this order by letter and by marking documents containing

22   such information with the notation "CONFIDENTIAL."  Upon request from the other party, counsel

23   for the producing party will promptly explain its basis for designating material as being subject to the

24   protective order.

25   . . .

26   . . .

2

1      b.      The right of access to all records designated "CONFIDENTIAL" under this

2  order (unless the parties have agreed otherwise or the Court enters a separate order permitting

3  disclosure) shall be limited to the parties, counsel for the parties, consultants, and expert witnesses, as

4  well as staff in their employ with a need for access in order for each party to prosecute or defend this

5  action including, but not limited to, paralegals, legal assistants, and nurses, and any other persons

6  mutually authorized by all counsel to examine such materials.  Any person having access to

7  information subject to this order shall be informed that it is confidential and subject to a protective

8  (non-disclosure) order of the Court.  Persons outside the employ of the parties or counsel, such as

9  retained consultants and expert witnesses, shall sign an acknowledgment in accordance with paragraph

10  2(d) below.

11      c.      Except as provided herein, no person having access to records designated as

12  subject to this order shall reveal to any person not named in paragraph 2(b) any information contained

13  in such material without further order of the Court or stipulation of the parties.

14      d.      Each person outside the employ of a party or counsel, such as retained

15  consultants and expert witnesses, to whom is disclosed records or information designated

16  "CONFIDENTIAL" under this protective order, shall sign and date an acknowledgment, substantially

17  in the form as that attached hereto, affirming that they have read and agree to be bound by the terms of

18  this protective order.  A retaining party or counsel shall maintain in his or her file a copy of any

19  acknowledgment signed by a consultant or expert witness.  A retaining party or counsel shall, upon

20  request, serve on opposing counsel a copy of any acknowledgment signed by a designated expert

21  witness.

22      e.      When a CONFIDENTIAL record is marked as an exhibit, or otherwise used

23  during questioning at a deposition, counsel shall inform the court reporter of the CONFIDENTIAL

24  designation, and the document and applicable portions of the deposition transcript shall be treated as

25  CONFIDENTIAL in accordance with the terms of this order.

26  . . .

3

1         f.      CONFIDENTIAL records shall be filed, if at all, under seal, subject to and in

2 accordance with, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and this

3 Court's CM/ECF filing procedures for sealed materials.

4         g.      If a party disagrees with a designation of any records or information as

5 CONFIDENTIAL, such party shall serve a written notice of objection and bases for objection within

6 fifteen (15) days of the production of the designated CONFIDENTIAL records or information.  The

7 parties shall then have fifteen (15) days to confer in good faith efforts to resolve the dispute, and no

8 motion concerning same shall be filed with the Court during this period of time to confer.  If the

9 parties are unable to resolve the dispute, the party asserting the CONFIDENTIAL designation shall

10 file an appropriate motion with the Court within fifteen (15) days after the parties' failure to resolve

11 the dispute.  The failure to timely serve a written objection and bases, as set forth herein, shall

12 constitute a waiver of the objection.  The failure to timely file an appropriate motion with the Court, as

13 set forth herein, shall constitute a waiver of the designation.  Until such time as any designation

14 dispute is resolved by the parties or adjudicated by the Court, the parties shall treated designated

15 records or information as CONFIDENTIAL in accordance with the terms of this order.

16         h.      Within forty-five (45) days of the conclusion of all trial and appellate

17 proceedings in this case, counsel for the receiving party shall either return to counsel for the producing

18 party all documents and copies of documents designated as "CONFIDENTIAL" under this order or

19 certify that such documents and copies have been destroyed.

20         i.      This order is without prejudice to the rights of any party to introduce, or object

21 to the introduction, into evidence at trial or during summary judgment proceedings any materials that

22 are subject to this order.

23 . . .

24 . . .

25 . . .

26 . . .

4

1            j.      This order is without prejudice to the rights of any party to make any objections

2 to discovery requests as permitted by the Federal Rules of Civil Procedure, statute, or other authority.

3

4 Respectfully submitted this 5th day of October, 2012.

5 DANIEL G. BOGDEN
United States Attorney

6

7 PATRICK A. ROSE
Assistant United States Attorney

8 333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101

9 Phone: (702) 388-6336
patrick.rose@usdoj.gov

10 *Attorneys for the United States*

11

12 RICHARD HARRIS LAW FIRM

13

LAWRENCE M. RUIZ, ESQ.

14 801 South Fourth Street
Las Vegas, NV 89101

15 Phone: (702) 444-4444
lawrence@richardharrislaw.com

16 *Attorneys for Plaintiff*

17

18

19                            **IT IS SO ORDERED.**

20

21

22                            Gloria M. Navarro

23                            United States District Judge

24                            **DATED:  10/23/2012**

25

26

**ACKNOWLEDGMENT AND AGREEMENT**
**RE: ACCESS TO CONFIDENTIAL RECORDS AND INFORMATION**
**SUBJECT TO STIPULATED PROTECTIVE ORDER**


NAME: _____(print or type)

NAME OF FIRM: _____(print or type)

ADDRESS OF FIRM: _____(print or type)

PHONE NUMBER: _____(print or type)

E-MAIL: _____(print or type)


      I, _____ (print or type), certify that I have read

the Stipulated Protective Order, dated _____, and entered in the case

entitled *Daniel Szabo v. United States of America, et al.,* case no. 2:12-cv-00676-GMN-RJJ, in

the United States District Court, District of Nevada (the "Court"). I acknowledge, understand,

and agree that I am personally bound by and subject to all of the terms and provisions of the

Stipulated Protective Order with respect to the handling and non-disclosure of records that have

been designated CONFIDENTIAL. I subject myself to the jurisdiction and venue of said Court

for purposes of enforcement of the Stipulated Protective Order.


_____
Signature

_____
Date